IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN PALMER THOMPSON,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 25-90-M-DWM<br><br><br><br>ORDER |

Petitioner Stephen Palmer Thompson ("Thompson"), a pretrial detainee incarcerated at the Missoula County Detention Facility, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.[1] *See* (Doc. 1.) Petitioner also seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Although he has not filed a copy of his inmate account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis is granted; however, the petition is dismissed without prejudice.

## I. Background

There is very little information provided in the petition. *See generally*, (Doc. 1.) Petitioner alleges that the state authorities have him confused with his twin

---

[1] The name on the envelope as the inmate who mailed the petition to the Court is Mason Risteau. (Doc. 1-1.)

1

brother and presumably he has been mistakenly charged with a crime. (*Id.* at 4.) He asks this Court to give him his liberty back as soon as possible. (*Id.* at 7.)

The Court has independently reviewed the Missoula County Jail Roster, there is no inmate named Stephen Palmer Thompson currently incarcerated at the Missoula County Detention Center. There is, however, an inmate named Mason Stephen Risteau, who has been incarcerated since January 15, 2025, on one count of Burglary.[2] Thompson/Risteau has not been convicted or sentenced yet. (Doc. 1 at 1-2.) Aside from stating he has entered a not guilty plea, there is no other information provided about the current status of his state proceedings. He indicates that his case has not "made it to the [Montana] Supreme Court as of yet." (*Id.* at 6.)

## II. Analysis

Although Thompson/Risteau filed this action pursuant to 28 U.S.C. § 2254, he is pretrial detainee attacking the validity of his custody status. Section 2254 applies to prisoners who are in custody pursuant to a state court conviction. *White v. Lambert*, 379 F. 3d 1002, 1009-10 (9th Cir. 2004). Section §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the

---

[2] *See*, Missoula County Jail Roster: https://webapps.missoulacounty.us/jailroster/ChargesDetail (accessed June 18, 2025.)

2

Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008) (en banc) (quoting *White*, 370 F. 3d at 1006). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F.3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this Court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Thompson/Risteau acknowledges that he has not yet been convicted or sentenced and that his state criminal proceedings are presently ongoing. *See generally,* (Doc. 1.) Further, Thompson/Risteau acknowledges he has not attempted to challenge his detention in any fashion within the state court system. (*Id.* at 3-5.) Thus, to the extent that Thompson/Risteau presents a cognizable federal claim, such claim is presently unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F.2d at 84. While unusual, Thompson/Risteau's purported case of mistaken identity is not the type of circumstance that might justify an exception to *Younger* abstention. Thompson/Risteau may attempt to obtain the relief he seeks via his pending state court proceedings or on direct appeal therefrom. There is no indication that he has filed a habeas petition in the state district court or the Montana Supreme Court.

Thompson/Risteau has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. His petition is dismissed without prejudice.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The claim Thompson/Risteau attempts to present is unexhausted and does not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

## IV. Conclusion

Based on the foregoing, IT IS ORDERED that:

1. Thompson/Risteau's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. Thompson/Risteau's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment of dismissal.

5

4. A certificate of appealability is DENIED.

DATED this 24th day of June, 2025.

_____
Donald W. Molloy, District Judge
United States District Court